UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ZIONS FIRST NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-00288 JD |
| | ) | |
| HIGGINS & ARNETT LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the court are the motions for summary judgment filed by Zions First

National Bank (the "Bank") [DE 21] and by the United States Small Business Administration

(the "SBA") [DE 28]. The Bank and the SBA seek to foreclose on mortgages issued to

Defendant Higgins & Arnett LLC ("H&A"), which were personally guaranteed by Defendants

Patrick Higgins and Higgins Sport & Lawn, Inc. Although all parties had notice and an

opportunity to do so, only the Bank and the SBA filed briefs on the issue of summary judgment.

For the following reasons, the motions for summary judgment [DE 21; DE 28] are GRANTED.

**Background**

**A. The Bank Mortgage**

On May 14, 2008, H&A executed a promissory note (the "Bank Note") in the principal

amount of $318,700.00, payable to the Bank. [DE 1-1]. In order to secure the repayment of the

Bank Note, H&A granted the Bank a mortgage (the "Bank Mortgage") on real property located

at 912 South Huntington Street, Syracuse, Kosciusko County, Indiana (the "Real Estate"). [DE

1-3]. The Bank Mortgage secures the repayment of the Bank Note and all principal, interest and

other amounts including attorney's fees and costs of collection due from H&A to the Bank. The

Bank recorded its mortgage with the Recorder of Kosciusko County, Indiana on May 22, 2008.

On January 21, 2009, H&A executed a Change in Terms Agreement (the "Change Agreement") which amended the Bank Note. [DE 1-2]. The Change Agreement extended the Bank Note's maturity date from April 1, 2009 to January 1, 2034, delineated the payment terms for the balance of the Bank Note's term, changed the interest rate, and amended the terms of the prepayment premium. *Id.*

The Bank Mortgage contains an embedded security agreement which granted the Bank a security interest in certain personal property located in, on, or at the Real Estate, including all equipment, fixtures, and other articles of personal property then owned and thereafter acquired, and then or hereafter affixed to the Real Estate, along with the rents from the Real Estate. [DE 1-2 at 2]. Also on May 14, 2008, H&A executed an assignment of rents in which H&A granted the Bank a security interest in all of its right, title and interest in and to rents arising from the Real Estate. The Bank recorded this assignment on May 22, 2008. [DE 1-4].

Contemporaneously, Defendants Sport & Lawn and Higgins (collectively, the "Guarantors") each executed a Commercial Guaranty in favor of the Bank and absolutely and unconditionally guaranteed the payment of H&A's obligations to the Bank. [DE 1-5].

The Bank contends and Defendants admit that certain payments due pursuant to the terms of the Bank Note and Change Agreement were not made. [DE 1 at ¶ 21; DE 31 at ¶ 10]. The Bank alleges that it sent and Defendants admit they received letters demanding payment. [DE 1 at ¶ 22; DE 1-6; DE 31 at ¶ 11]. The Bank then filed this action seeking foreclosure.

**B. The SBA Mortgage**

On June 8, 2009, H&A executed a promissory note to the Indiana Statewide Certified

Development Corporation in the principal sum of $146,000.00 (the "SBA Note"). [DE 11-1 at 1;

DE 28-1 at ¶ 3]. In return, H&A granted Indiana Statewide a mortgage on the Real Estate (the

"SBA Mortgage"). [DE 11-1 at 6]. Defendants Sport & Lawn and Higgins (the "Guarantors")

also each executed a Commercial Guaranty in favor of Indiana Statewide, guaranteeing the

payment of H&A's obligations to Indiana Statewide. [DE 11-1 at 20, 25].

Indiana Statewide assigned its note and mortgage to the United States Small Business

Administration ("SBA") on the same day–June 8, 2009. *Id.* at 12. SBA recorded the mortgage

and assignment on June 9, 2009. [*Id.* at 6, 12; DE 28-1 at ¶ 7].

Before this second loan was made to Defendants, Indiana Statewide and Zions First

National Bank entered into a Third-Party Lender Agreement on June 1, 2009. [DE 28-1].

Pursuant to this agreement, Indiana Statewide agreed to subordinate its claims against H&A's

Real Estate to those of the Bank, with certain exceptions.[1] *Id.* This agreement further clarified

that it "will inure to the benefit of and bind respective parties to the Agreement, and their

successors and assigns," and explicitly noted that "[Indiana Statewide] may assign this

Agreement to the SBA[.]" *Id.* at 9.

The SBA contends that H&A has defaulted under the terms of the SBA Note, SBA

Mortgage, and assignment of leases and rents by virtue of having failed to make certain monthly

payments under the SBA Note. [DE 28-1 at ¶ 8]. The SBA now seeks foreclosure as well.

**Legal Standard**

---

[1] In its response to the SBA's motion for summary judgment, the Bank states in a footnote that it disagrees with the SBA's interpretation of the Third-Party Lender Agreement and the SBA's resultant calculation of the exact amount and order of funds due each lender. [DE 32 at 2 n.1]. However, the Bank does not object to SBA's motion for summary judgment on the ground that "the amounts in controversy are not sufficient to justify the costs of a contested hearing or a trial." *Id.*

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper—even mandated. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element "necessarily renders all other facts immaterial") (quoting *Celotex*, 477 U.S. at 322-23).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994). A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770; *Waldridge*, 24 F.3d at 920. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

Indiana law governs the ownership and treatment of real property interests in this case. *See United States v. LaRosa*, 765 F.2d 693, 696 n.1 (7th Cir. 1985) ("[I]n most circumstances, property ownership is not governed by a general federal law, but rather by the property law of the state in which the property is located." (citing *Oregon ex rel. State Land Bd. v. Corvallis Sand and Gravel Co.*, 429 U.S. 363, 378-79 (1977)). Indiana Code § 32-21-4-1 provides,

> A conveyance, mortgage, or lease takes priority according to the time of its filing. The conveyance, mortgage, or lease is fraudulent and void as against any subsequent

purchaser, lessee, or mortgagee in good faith and for a valuable consideration if the purchaser's, lessee's, or mortgagee's deed, mortgage, or lease is first recorded.

*Id.* § 1(b).

## Discussion

Under Federal Rule of Civil Procedure 56(e), if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion or grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it.

Here, the Bank and the SBA have presented sufficient evidence to support their respective motions for summary judgment. The Bank and the SBA are in agreement as to the facts, and those facts have been independently verified by this court. Furthermore, Defendants H&A, Higgins Sport & Lawn, Inc., and Patrick Higgins have failed to state any facts or produce any evidence to contradict the claims of the Bank and SBA. As a result, the Court finds that there is no genuine dispute as to any material fact, and that summary judgment is appropriate.

## Conclusion

Accordingly, the Bank's and the SBA's motions for summary judgment [DE 21; DE 28] are hereby GRANTED. A status conference for the purpose of delineating the terms of the judgment in this case is set for 10:00 a.m. on Thursday, June 9, 2011, in the first-floor courtroom of the Robert A. Grant U.S. Courthouse in South Bend, Indiana. In lieu of this conference, the Bank and the SBA may work together to draft a judgment, which they may then tender for the court's approval. If requested by either party, the judgment should address attorney's fees and cite itemized affidavits in support thereof. *See Zions First Nat. Bank v. Boyz Car Wash, Inc.*,

6

No. 1:09-CV-331, 2010 WL 779499, at *5 (S.D. Ind. Feb. 25, 2010) (requiring "a more specific affidavit in support of attorney's fees that includes the hourly rate or rates, descriptions of the work done (redacted, where necessary, for attorney/client privileged information), and the time spent").

SO ORDERED.

ENTERED:   May 25, 2011

                                        /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Court